*J. S Reid* and *J. F. Gardner,* for the appellant.

*J. Yaryan,* for the appellees.

---

HAMILTON *v.* THE NEWCASTLE AND DANVILLE RAILROAD
COMPANY.

Suit upon a promissory note. The complaint alleged that the *Newcastle, &c., Railroad Company,* by *W. T.,* their president, who was authorized, &c., executed and delivered their promissory note to *E. W. P.,* &c. Demurrer, assigning for causes—1. That the complaint does not state facts sufficient,

May Term,
**1857.**

HAMILTON
v.
THE NEW-
CASTLE AND
DANVILLE
RAILR'D CO.

&c. 2. That it does not show that *W. T.* had authority, &c. 3. That it does not aver a consideration. 4. That it does not show that *W. T.* was the president of the company. 5. That the note is not executed in the corporate name. 6. That it is not executed under the corporate seal.

*Held,* 1. That the first is the only statutory cause of demurrer, and it includes all the rest.

2. That the second and fourth are not supported by the complaint.

3. That where there is no provision in the charter, requiring the acts of a corporation to be evidenced by its seal, it is not requisite that they should be thus evidenced.

4. That if it was the valid note of the corporation, no averment of a consideration was necessary.

*Prima facie,* the company had the power to execute the note, and could exercise that power only by its agent; and the complaint need not show that the agent was appointed by a written or sealed commission.

Where the charter does not require that the appointment of an agent, or the making of a contract, shall be by written instrument, and it does not appear to have been so made, the appointment or contract may be proved by parol.

A copy of the note filed with the complaint, shows that the corporation is named in the body of the instrument as the contracting party, and that it was signed by the president as an officer of the company. *Held* that this was sufficient to bind the corporation.

*Wednesday,
June 24.*

APPEAL from the *Montgomery* Circuit Court.

PERKINS, J.—Suit upon a promissory note. The complaint is, "that on the 4th day of *February*, 1856, the defendant (*The Newcastle and Danville Railroad Company*), by *William Twining*, president of said company, who was then and there authorized and empowered by said company so to do, executed her promissory note, and delivered the same to one *E. W. Patterson*, by which the defendant promised to pay him, or order, the sum of four thousand dollars, according to the tenor and effect of said note." The complaint then alleges the assignment of the note to the plaintiff, its non-payment, and demands judgment for the sum of, &c. Copies of the note and assignment are added as a part of the complaint.

The complaint was demurred to, the demurrer sustained, and final judgment rendered for the defendant.

The causes of demurrer specified are—

1. That the complaint does not state facts sufficient to constitute a cause of action.

2. That it does not show that *Twining* had authority to execute the note.

3. That it does not aver a consideration for the note.

4. That it does not show that *Twining* was president of the company.

5. That the note is not executed in the corporate name.

6. That it is not executed under the corporate seal.

Amongst all the foregoing, there is but one statutory cause of demurrer, that is, that the complaint does not state facts sufficient to constitute a cause of action. 2 R. S. p. 38, s. 50. The rest are but a list of objections to the sufficiency of the cause of action.

. The second and fourth objections are not supported by the complaint.

The fifth, is a question of fact that cannot be determined by the record.

As to the sixth, unless there is a provision in the charter, which we have not seen, requiring the acts of the company to be evidenced by the corporate seal, it is not requisite that they should be thus evidenced. The ancient common-law doctrine to the contrary, has been long since exploded.

As to the third objection, to-wit, that the complaint does not aver a consideration for the note, it will at once be admitted that if it be a valid promissory note of the company, it is not necessary that a complaint upon it shall contain such an averment.

Is it, then, the promissory note of the company? It is, if the company had power to execute it, and have executed it.

*Prima facie*, the company had power to execute it. The right to contract indebtedness, and to borrow money, for purposes within the scope of the powers conferred by the charter, is expressly given by the charter; and, as incidental thereto, the power of executing promises to pay such indebtedness. And we would presume a note executed by the company, in the absence of anything appearing to the contrary, to be for a legitimate consideration. *Sparks et al.* v. *The State Bank*, 7 Blackf. 469.

The corporation, then, having the power to execute a promissory note, necessarily exercises that power by an

agent. For this proposition, authority need not be cited. Has the power been so exercised here? The declaration avers the fact. But it does not show that the agent was appointed by written or sealed commission. It was not necessary that it should. The decisions in our own Reports sustain this proposition. Thus, it is clearly deducible from them that, where the act of incorporation does not require that the appointment of an agent, or the making of a contract, shall be by written instrument, and it does not appear to have been so made, the appointment or contract may be proved by parol. *Richardson* v. *The St. Joseph Iron Company*, 5 Blackf. 146.—*Madison* v. *Ross*, 3 Ind. R. 236.—*The Cincinnati, &c., Co.* v. *Clarkson*, 7 Ind. R. 595.—*Jones* v. *The Milton, &c., Co., id.* 547.

The appointment of the agent is sufficiently averred in the complaint. But there is a further question. Notwithstanding the agent possessed the power, still he may not have executed it in a legal manner, binding upon the company. Has he done so? is, therefore, the remaining inquiry. *Angel* and *Ames* say (p. 234) that—

"When the agent of a corporation would bind by a contract he makes in its behalf, the corporation only, his *proper* mode is, in the body of the contract, to name the corporation, as the contracting party, and to sign as its agent or officer." See, also, in point, *Hankins* v. *Shoup*, 2 Ind. R. 342.

This is precisely the manner in which the note in suit appears to have been executed.

The company, then, having the power, *prima facie*, to execute the note, and nothing appearing to show that it was exercised in an improper case—having duly appointed an agent to execute it, and he having properly exercised the power conferred on him—we must conclude that the note is, so far as appears, valid, and the complaint upon it sufficient.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. C. Willson* and *J. E. McDonald*, for the appellant.

*W. H. Mallory*, for the appellees.