THE PEOPLE, *ex rel.* Charles W. Baker, *vs.* ROBERT T. HAWS.

Where the legislature, after having imposed a restriction upon the power of a common council to contract a debt, directs that notwithstanding such restriction a debt contracted in violation of it shall be paid, the court cannot, when the common council is willing to conform to the legislative will, permit one of the officers of the city corporation to set at naught both the will of the legislature and of the common council.

Thus, where a sum of money had, in pursuance of an act of the legislature, been raised by tax, in the city of New York, for, and appropriated by the common council to, the purpose of paying the relator for printing, &c. done for the city, which sum could not be appropriated to any other purpose; *Held* that this was a clear recognition, by the legislature and the common council, of the relator's right to payment, and a direction by both of those bodies that the relator should be paid. And that upon the comptroller's refusal to apply the fund so appropriated, to the payment of the relator's claim, a mandamus was the proper remedy, where it appeared that no action would lie, against the corporation.

APPEAL from an order made at a special term, denying a motion for a mandamus. The application was for a mandamus, to be directed to the defendant, comptroller of the city of New York, commanding him to draw his warrant upon the chamberlain of the city, in favor of the plaintiff, for $4260, to pay his claim against the city, for certain printing and binding done by him.

———— ————, for the appellants.

———— ————, for the respondent.

BARNARD, J. The appeal papers show that the work in question was done under a resolution passed by the common council and the rate of charge fixed, and the comptroller directed by resolution of the common council to pay the bill.

It seems clear that unless there is some legislative prohibition, or some legislative requirement as to a particular mode in which work should be ordered, the relator is entitled to recover.

The superior court held that there was such legislative requirement, and therefore dismissed the complaint of relator.

Since that decision, however, the legislature authorized the supervisors of the county of New York to raise by tax the sum of $4260 for Charles W. Baker, (the relator,) for printing and binding charters with Kent's notes, (being the work in question,) and providing that no portions of the sums of money theretofore or thereafter appropriated by the common council for any specified purpose, should be expended for or applied to any other purposes than those specifically named and provided for in such appropriation.

It must be assumed that the legislature passed this act with knowledge of the circumstances attending the relator's claim and of the decision of the superior court thereon.

By this act the legislature recognized the equity of the relator's claim, and intended to and did provide for its payment, notwithstanding any violation of a previous legislative requirement as to the mode of its contraction.

The legislature first say to the common council, you shall contract no debts except in a particular mode; the legislature afterwards says, although you have not contracted this debt in the mode provided, still we authorize and direct you to pay for it.

If the power that imposes the restriction subsequently directs that notwithstanding such restriction a debt contracted in violation of it shall be paid, the court cannot, when the body who contracted the debt is willing to conform to the legislative will, permit one of the officers of that body to set at naught both the will of the legislature and of the contracting body.

Taking the act of April 17th, 1861, and the ordinance of September 27th, 1861, together, it appears that the sum of $4260 has been raised by tax for, and appropriated by the common council to, the purpose of paying the relator for the work in question; and that this sum cannot be appropriated to any other purpose.

This is a clear recognition by the legislature and the common council of the relator's right to payment, and a direction by both those bodies that the relator should be paid. It is not competent for the comptroller, holding in his hands a fund thus specifically appropriated to be paid to the relator, to refuse to dispose of it according to its appropriation.

The order of the special term should be affirmed, with costs.

SUTHERLAND, J. concurred.

CLERKE, P. J. This case is distinguishable from *The People ex rel. Green* v. *Wood,*(a) in that the relator in the present case had no remedy by action against the corporation; the claim having been decided against him in the superior court. And as the legislature and the common council had made a specific appropriation for that claim, this application comes within the decisions in *The People ex rel. Reynolds* v. *Flagg,* (16 *Barb.* 503,) and *The People ex rel. McSpedon & Baker* v. *Haws,* (21 *How. Pr. Rep.* 178.)

Order affirmed.

[NEW YORK GENERAL TERM, November 4, 1861. *Clerke, Sutherland* and *Barnard,* Justices.]

(a) 35 *Barb.* 653.