The Board of Commissioners of Floyd County *v.* Day.

---

THE BOARD OF COMMISSIONERS OF FLOYD COUNTY *v.* DAY.

It is not error to refuse a continuance asked for because the causes of action were not filed with the complaint, either by copies or the originals, where it appears that such causes of action were, a reasonable time before the trial, handed to the defendant's attorneys by the plaintiff's attorneys.

A county is a corporation, with power to contract debts.

Debts of a county, evidenced by ordinary county orders, payable to A, or bearer, do not stand on the footing of those contracted under a special grant of power.

A corporation is a person, and a county is a corporation, and it will

The Board of Commissioners of Floyd County *v.* Day.

be presumed that the county auditor, in drawing orders, did his duty, and that such orders were given upon a consideration, until the contrary appears, and such orders will constitute a *prima facie* cause of action.

APPEAL from the *Floyd* Common Pleas.

PERKINS, J.—*Cook Day* sued *The Board of Commissioners of Floyd county*, on divers county orders, drawn by the auditor of *Floyd* county, on the treasurer of the county, and in favor of the persons named in said orders, "or bearer." The treasurer had indorsed upon the orders that they had been presented for payment, etc.

Copies of the orders did not accompany the complaint, but were handed to the defendant's attorneys, and the Court allowed them to be filed by the plaintiff by way of amendment, without subjecting him to a continuance on account of it.

The orders were accurately described in the complaint, and were in the hands of the defendant's attorneys, and we do not see how the failure to file them with the complaint prejudiced the defendant in this case; and the statute is, that, if the Court sustain a demurrer, the plaintiff may amend by the payment of the costs occasioned thereby. 2 G. & H., p. 81, sec. 53; and p. 198, sec. 323.

No question was raised as to parties.

The defendant answered the general denial, without oath.

Trial by the Court; judgment for the plaintiff.

The orders were given in evidence.

The county of *Floyd* is a corporation, with power to contract debts. The debts evidenced by orders, such as those sued on in this case, do not stand on the footing of those contracted under a special conditional grant of power. See *The People* v. *Smead,* 24 N. Y. Court of Appeals, 114.

The auditor of the county is authorized by law to audit claims against the county, and to draw his warrant or order upon the treasurer for their payment. Such order, when

drawn, is, in legal effect, the promissory note of the county, and is presumed to be upon a consideration, for it is assignable. A corporation is a person. *The Indiana and Illinois Central Railway Company* v. *Davis,* at this term. 1 G. & H., p. 122. 2 *Id.* 335, 658.

The officer, in the discharge of his general powers, will be presumed to have done his duty, in drawing a warrant or order, till the contrary appears; and, hence, such order makes a *prima facie* cause of action. *Hamilton* v. *The Newcastle, etc.,* 9 Ind. 359.

Impeachment must come from the defendant. *Smead* v. *The Indianapolis, etc.,* 11 Ind. 104.

The insertion of the words "or bearer," in the orders, was useless and harmless.

*Per Curiam.*—The judgment is affirmed, with one per cent. damages and costs.

*Thomas L. Smith* and *M. C. Kerr,* for the appellant.

*G. V. Howk* and *R. M. Weir,* for the appellee.