Cheeney v. The Inhabitants of the Town of Brookfield.

C. C. CHEENEY, Respondent, *vs.* THE INHABITANTS OF THE Town OF BROOKFIELD, Appellants.

1. *Corporations, municipal—Trustees of—Debt for engraving scrip—Warrant issued for—Town not bound, when.*—The trustees of a municipal corporation created under and controlled by the statute relating to towns and their incorporation, (Wagn. Stat., 1313) have no authority to contract a debt for engraving scrip to be issued by said trustees, nor can they render the town liable for the payment of a warrant issued in satisfaction of the debt. And although the warrant, if signed by the proper officer, *prima facie* imports validity, its issuance may be shown to be *ultra vires*.

Those who deal with the officers of a municipal corporation must ascertain, at their peril, that these agents are acting in the scope of their lawful powers.

Appeal from Linn Court of Common Pleas.

*Ell Torrance,* for Appellants.

The trustees, in contracting the debt and in issuing the warrant, acted without any authority, and the corporation is not estopped after the issue of the warrant, to set up the defense of *ultra vires.* (Dill. Munc. Corp., § 412; Leavenworth vs. Rankin, 2 Kans., 358; Leavenworth vs. Norton, 1 Kans., 432; Loker vs. Brookline, 13 Pick., 348.)

*W. H. Brownlee,* for Respondent.

Although the town may have had no right and may have been prohibited from circulating small bills, yet the town is bound for printing and engraving. (Ang. Ames Corp., 8 ed., 271; 5 B. Mon., 130; Alleghany City vs. McClurkan, 14 Penn. St., 81.)

SHERWOOD, Judge, delivered the opinion of the court.

The question presented by the record before us is: Whether the trustees of a municipal corporation, incorporated under the general laws of this State, and possessing no power, and subject to no liabilities except such as are imposed and conferred by the statute, relating to towns and their incorporation, (Wagn. Stat., 1313) can render the corporation which they represent liable for the payment of a warrant drawn on the treasurer of the town, having been issued by order of the

trustees, to pay a debt contracted by them, with a bank note and engraving company, to engrave and print on bank note paper notes payable to bearer, to be put into circulation as money by such trustees in their official capacity.

An examination of the statute referred to will conclusively show that no such powers as those attempted to be exercised in the case at bar, were conferred by law on the trustees. Their act, therefore, in contracting the debt and in issuing the warrant in suit, was wholly unauthorized and illegal. And although a warrant signed by the proper officer, *prima facie* imports validity, and a subsisting cause of action, (Dill. Mun. Corp., § 411) yet it is always competent for a municipal corporation, as was done in the court below, even after the issuance of a warrant upon its treasury, to set up the defense of *ultra vires.* (*Id.*, §§ 381, 412, 749; Marsh vs. Fulton Co., 10 Wall., 676; Thomas vs. Richmond, 12 Wall., 349; Loker vs. Brookline, 13 Pick., 353; Clark vs. City of Des Moines, 19 Ia., 199, and cases cited; Brady vs. The Mayor, &c., of the city of New York, 20 N. Y., 312.)

The authorities above cited, as well as others too numerous for citation, assert in all its broadness the above mentioned doctrine, and its applicability to cases of this character. Those who deal with the officers of a corporation must ascertain, at their peril, what they will indeed be conclusively presumed to know, that these public agents are acting strictly within the sphere limited and prescribed by law, and outside of which they are utterly powerless to act.

Nothing here asserted has any reference to a certain class of cases wherein the doctrine of "implied municipal liability," may be successfully invoked, as is undeniably true in some instances totally dissimilar, however, from the present one. (Dill. Mun. Corp., § 384, and cases cited.)

But the plaintiff has urged upon our attention two cases as fully authorizing the recovery which he obtained in the court below; and we will briefly advert to them.

The case of Alleghany City vs. McClurkan, (14 Penn. St., 81) is chiefly based on the proper construction to be placed

upon a statute of Pennsylvania adopted in the year 1828, the first section of which prohibited corporations from issuing contracts or notes of the kind embraced in the action, and the second section imposed a penalty for so doing. But the third section of the act provided expressly that such notes or bills should not be void, and allowed a recovery thereon, with 20 per cent. interest as a penalty from date of issue ; so that that case, although employing much loose language, was correctly decided, and affords no support for the position assumed by plaintiffs. The other case upon which he relies, is that of Underwood vs. The Newport Lyceum (5 B. Mon., 1 80). There it is broadly decided, that notwithstanding the corporation was, by the act of 1834, expressly inhibited from the exercise of banking powers, and notwithstanding the officers of the corporation in the exercise of such powers, would fall under the penal denunciations of the act of 1812, yet a recovery might be had against a corporation for services rendered in engraving bills, checks and notes, although it might be presumed they were to be used and put into circulation in violation of the law, and in furtherance of an illegal purpose.

This decision, it must be conceded, is directly in point in favor of plaintiff, but so far as our researches have extended it stands alone, appears to have been made without any examination or citation of adjudicated cases, is certainly at variance with both reason and authority, ignoring, as it evidently does, that most salutary doctrine which imperatively forbids the exercise of statutory powers beyond the limits originally assigned them by the legislative will, and refuses, when the narrow boundary is transcended, to lend a legal sanction to acts which on their very face bear the broad stamp of illegality.

Judgment reversed and cause remanded ; all the judges concur.