## CHASE v. MORRISON.

1. **School District**: ORDER OF: JUDGMENT.  One who has obtained a judgment against a district township upon an order on the school house fund, and to whom the directors have issued an order upon the treasurer for payment, in compliance with Sec. 1787 of the Code, is not entitled to payment out of the general fund to the exclusion of the holders of other orders on the school house fund who have not obtained judgments.

2. ————: JUDGMENT: MANDAMUS.  His judgment will enable him to levy upon the property of the district, if any, or by mandamus compel the levy of a special tax, if the district has not levied the maximum allowed by law.

*Appeal from Osceola Circuit Court.*

WEDNESDAY, JUNE 16.

THIS is an action of mandamus to compel the defendant to pay the amount of a certain judgment which plaintiff recovered against the district township of Holman. The cause was submitted to the court on substantially the following agreed statement of facts:

The district township of Holman is a corporation organized under the laws of Iowa for school purposes, and W. H. Morrison is its treasurer.  On the 16th day of June, 1873, H. L. Baker recovered judgment against the district township of Holman for the sum of $1350.00 and costs, upon school orders drawn by said district township for the construction of a school house, erected by Baker, and by their terms payable from the school house fund.  On the 7th of July, 1873, Baker sold, and in writing assigned this judgment to the plaintiff, who is now the owner thereof, of which assignment the defendant, and the board of directors of said district township, had due notice.  The said judgment is the only judgment legally existing against said district township, founded upon orders drawn upon the school house fund for the construction of school houses; but, on the 17th day of January, 1874, two judgments were rendered against said district township, upon confession, for about $1,011, in the aggregate, for the purchase

of a school house at that date made by said district, but no judgment order has been given therefor on the treasurer, or applied for.

On the 29th of August, 1874, the board of directors of said district township paid off and satisfied said judgment by an order on the treasurer thereof for the sum of $1156.08, that amount being then ascertained and agreed upon to be due on the judgment.

On the 1st of September, 1874, the plaintiff presented to the defendant, who was then and is now the treasurer of said district, the order in question, and demanded payment, which was refused. There are outstanding orders of the district township of Holman, drawn on its school house fund, which orders were issued prior to the orders upon which the judgment was rendered in the action of Baker against the said district township, in the amount, in the aggregate of $3379.91. Said orders have not been sued on, and have not been put into judgment, and they have not been presented for payment since defendant went into office, and there is no record or other evidence that they have ever been presented for payment. The said district township had, and has, no property liable to execution.

The board of directors of said district township, at their meeting in June, 1873, levied and certified a tax ot ten mills on the dollar, on the taxable property of said district township for the school house fund, and a tax of seven mills on the dollar to pay said Baker judgment, and the Board of Supervisors of Osceola county, at their meeting in September, 1873, levied the same as so certified to them. There had been collected and paid over to plaintiff, of said seven mills tax, a sum sufficient to reduce said original judgment to the sum of $1,156.09, on the 29th day of August, 1874, for which sum the judgment order in question was given. No more of said seven mill tax will be collected, except in small sums, and in the whole of an amount entirely insufficient to pay said judgment order. The board of directors of said district township, at their June meeting, 1874, duly levied and certified a ten mill tax on the property of the district township for the

school house fund, which was, in September, 1874, duly levied by the Board of Supervisors, and which will be collected with the taxes due next thereafter. There is now, and was when this suit was commenced, in the treasury of the said district township, and in the possession of defendant as treasurer, the sum of four hundred and three dollars belonging to the school house fund; said money was in defendant's hands when the demand was made herein referred to, and other moneys will come into his hands for such fund from time to time.

The reason defendant did not pay said money, upon demand of the plaintiff, was that he had doubts as to the priority of plaintiff's claim over the holders of the said $3,379.91 of orders outstanding, and had doubts as to whether said prior orders should not first be paid, and had doubts as to whether a special tax having been levied, of seven mills, to pay said judgment, the plaintiff had a right to receive any other part of the school house fund.

Upon this agreed statement of facts the court rendered judgment, refusing the mandamus, dismissing the action and taxing the costs to plaintiff. Plaintiff appeals.

*R. J. Chase, pro se.*

*J. H. Swan,* for appellee.

DAY, J.—Appellant does not claim that the board of directors of the district township have omitted any duty. It is admitted that for the years 1873 and 1874, they caused to be levied for the school house fund the maximum tax of ten mills, and that in addition thereto, in the year 1873, they levied a special tax of seven mills for the payment of this judgment. The agreed statement of facts shows that the sum realized from this tax has been paid to plaintiff. At the time the order was issued upon which the judgment was rendered, which plaintiff now holds, there were outstanding upon the school house fund of the township in question, orders amounting to the sum of $3,379.91. The order upon which this judgment was entered swelled this sum to $4,729.91.

The claim of plaintiff is simply this, that his order having been merged in a judgment, he is entitled to absorb all the tax of ten mills levied by the district, to the exclusion of all the other holders of warrants, and he contends that any construction which does not give him such priority, would do *great injustice* to him. It seems to us, however, that the other holders of warrants have rights which should be respected, and that if they should be debarred from collecting anything until plaintiff, whose warrant was issued subsequently to their's, has been fully paid, they might, with at least some propriety complain that *great injustice* had been done them.. Section 1748, of the Code of 1873, which is the same as the law before in force, provides: " The district treasurer shall keep with each fund a separate account, and shall pay no order which does not specify the fund on which it is drawn and the specific use to which it is applied. If he have not sufficient funds in his hands to pay in full the warrants drawn on the fund specified, he shall make a partial payment thereon, paying as near as may be an equal proportion of each warrant."

1. SCHOOL district: order of: judgment.

Each of the holders of these warrants, then, was entitled to *pro rata* payment, in proportion to the amount of the warrant by him held. But appellant claims that they have lost this right because of a judgment rendered in an action to which they were not a party. It is not apparent to us how they can be prejudiced or affected by a litigation between strangers.

Section 1787 of the Code provides: " When a judgment has been obtained against a school district, the board of directors shall pay off and satisfy the same from the proper fund, by an order upon the treasurer; and the district meeting, at the time for voting a tax for the payment of other liabilities of the district, shall provide for the payment of such order or orders."

It is claimed that this order does not satisfy the judgment. This we concede. But the order furnishes the judgment creditor the only means of obtaining payment from a fund in the hands of the treasurer. It is further claimed that section

1748 can have no application to an order drawn upon the treasurer in satisfaction of a judgment under section 1787. But, Sec. 1748 is general in its terms, and applies equally to all orders. There is no rule of construction which requires that it shall be limited to a particular kind of orders. There is no principle of justice which requires that the holder of an order who has succeeded in getting before all the holders of similar orders in obtainining a judgment against a school district, and who has, perhaps, unnecessarily and wantonly subjected it to costs, shall be preferred to all of them in the collection of his claim out of the general fund raised by the district. In fact, it seems to us to be a most wise and salutary rule to require him to take such fund *pro rata* with other creditors.

But it may be said that under this construction a party derives no benefit from his judgment. He is, however, placed

2.———: *judgment: mandamus.* in a position that he may levy upon the property of the district, and collect his debt by execution, if he can find any property not exempt. And he can, by mandamus, compel the levy of a special tax, for the payment of his judgment, if the district does not levy a tax to the maximum authorized.

. We are clearly of opinion that plaintiff is not entitled to the whole tax collected and in the hands of the treasurer. He is, however, entitled to a *pro rata* payment of his order.

· The judgment will be so far modified as to entitle plaintiff to a mandamus, directing the treasurer to pay plaintiff's order *pro rata* with other orders drawn upon the school house fund.

MODIFIED AND AFFIRMED.