## MILLER *v.* THE BOARD OF COMMISSIONERS OF DEARBORN COUNTY ET AL.

COUNTY.—*Loan Authorized by County Commissioners.—Injunction to Prevent Payment of.—Notice that Loan is Illegal.—Ultra Vires.—Agency.*—Though the indebtedness of a certain county, evidenced by county bonds and orders, was in excess of one per centum of the assessed value of the taxable property of the county, the board of county commissioners authorized the auditor and treasurer of the county to borrow such sums of money, from time to time, as might be necessary to meet the liabilities of the county, and directing the auditor to issue county orders therefor, not exceeding however a specified sum. Similar orders were made by the board, and loans thereunder obtained, from time to time, until the aggregate indebtedness of the county exceeded two per centum of the assessed value of the taxable property of the county. A tax-payer then brought suit against the county commissioners, both as a board and personally, the auditor, treasurer and the creditor, to enjoin the payment of the additional

indebtedness so created, the complaint alleging, in addition to the foregoing facts, that the creditor, at the time such additional indebtedness was created, had full knowledge of the prior indebtedness of the county, and of the tenor of the orders authorizing the additional indebtedness.

*Held,* on demurrer, that, section 17, 1 R. S. 1876, p. 166, prohibiting county commissioners from contracting additional indebtedness while a former loan thereunder exceeding one per centum of the assessed value of the taxable property of the county remains unpaid, does not prohibit temporary loans, and that the complaint is insufficient.

*Held,* also, that, in contracting such indebtedness, the board could act by its authorized agents.

From the Dearborn Circuit Court.

*F. Adkinson, G. M. Roberts* and *W. S. Holman,* for appellant.

*J. Schwartz, J. D. Haynes* and *J. K. Thompson,* for appellees.

PERKINS, J.—" This was an action brought by the appellant, against the board of commissioners and others, to enjoin the payment of a debt alleged to be illegally created by the county commissioners.

" The complaint alleges, in substance, that the plaintiff is a citizen and resident tax-payer of the county of Dearborn; and is the owner of real and personal estate in the county subject to taxation ; that the whole amount of taxable property in the county for the year 1874 was $10,516,-920, and no more, and that, on the 5th day of August, 1874, the indebtedness of the county was $175,000, of which sum $100,000 was for money borrowed by the commissioners since January 1st, 1870, and that, for all the indebtedness, bonds and orders of the county had been issued by the commissioners, all bearing ten per cent. interest per annum, as the money was borrowed, and all of which were outstanding and unpaid on August 5th, 1874, and that it was all unpaid at the commencing of this action.

" That, on said 5th day of August, the commissioners illegally passed and adopted a certain void and illegal order, attempting to authorize and empower the auditor and

treasurer of the county to borrow such sums of money as might from time to time be necessary to meet the liabilities of the county, and to agree to pay interest at ten per cent. per annum, and directing the auditor to issue orders on the county, as evidence of such loans, not to exceed however the sum of $5,000.00.

" The complaint then proceeds to state that subsequently, from time to time, the board of commissioners made other similar orders, directing the auditor and treasurer to make other loans in behalf of the county, amounting to $72,-500.00 in the aggregate. Copies of these orders are set out in the complaint as exhibits.

" The complaint alleges that the commissioners are threatening to pay the loans—the auditor and treasurer having borrowed the whole amount; that, at the time they borrowed the said sums amounting to $72,500.00, the whole of the indebtedness of the county above stated, amounting to $175,000.00, was still unpaid; that the First National Bank and the People's Bank, who had loaned to the auditor and treasurer a part of said sum of $72,500.00 they were directed to borrow by the said pretended orders, had full notice and knowledge of the amount of the indebtedness of the county, and of the tenor and effect of the orders, at the time they loaned the auditor and treasurer the money, and that, if such loans are paid, the plaintiff's taxes will be greatly increased.

" The two banks, the county commissioners as a board, and also individually, and the auditor and treasurer, were made defendants; and an order restraining the payment of the loans by the county was prayed for.

" To the complaint a demurrer was filed and sustained by the court, and this presents the question for consideration.

" The complaint is based upon the theory, that the board of commissioners of a county have no power whatever to borrow money for any purpose, except where such power

has been *expressly* granted to such board by statute; and that such board, under no circumstances, have the power to repay a loan made without the express authority of the statute, though the money borrowed may yet be in the county treasury, or has been expended for the legitimate purposes and benefit of the county."

Thus far we have copied from the brief of appellees.

The board of commissioners of a county in Indiana is a corporation by statute. Sec. 5, 1 R. S. 1876, p. 350, declares that :

" Such commissioners shall be considered a body corporate and politic by the name and style of ' The Board of Commissioners of the County of ———,' and as such, and in such name, may prosecute and defend suits, and have all other duties, rights and powers incident to corporations, not inconsistent with the provisions of this act."

Section 13 of said statute is as follows :

" Such commissioners in their respective counties shall have power at their meetings :

" 1. To make orders respecting the property of the county in conformity to law, to sell the public grounds of the county upon which the public buildings are situate, and to purchase in lieu thereof, in the name of the county, other grounds in the county-seat on which such buildings shall be erected ; to purchase other lands for the enlargement of the public square, and to take care of and preserve such property.

" 2. To allow all accounts chargeable against such county, not otherwise provided for, and to direct the raising of such sums as may be necessary to defray all county expenses.

" 3. To audit the accounts of all officers having the care, management, collection, or disbursement of any money belonging to the county, or appropriated for its benefit, and,

" 4.   To perform all other duties which may be enjoined on them by any·law of this State."

Section 28 is this :

" When any judgment has been obtained against commissioners in their corporate capacity, the public property of the county shall be liable therefor ; but the court rendering such judgment may, before the issuing of execution, allow such board reasonable time, if the same is necessary, to assess and collect a sufficient amount of revenue to pay and discharge such judgment, in addition to the ordinary expenses of the county."

Sections 17 and 18 provide that :

" SEC. 17.   Whenever it shall be necessary to construct, complete or repair the court-house, jail, or other county buildings, or whenever it may be desirable to fund or average any existing debt incurred for county purposes, and the revenues afforded by reasonable taxation are insufficient to do the same, the county commissioners may borrow, for that purpose, any sum of money not exceeding one per centum on the assessed valuation of the real and personal property of the county, and issue bonds therefor in amounts of not less than twenty-five dollars each, and bearing a rate of interest not exceeding the legal rate in the state or territory where the same are negotiated, not exceeding the rate of ten per centum per annum: *Provided,* That no second or subsequent loan shall be made or authorized by said commissioners, as above provided " (that is, a permanent loan), "so long as any former loan made under the provisions of this act shall remain unpaid.

" SEC. 18.   Such bonds may be sold at any place within the United States, but at no greater discount than eight per cent., and shall be in form substantially as follows :"

The form of the bonds is here given.

It is decided in *Smith* v. *The City of Madison,* 7 Ind. 86, that municipal charters are to be so construed " as to carry into effect every power clearly intended to be conferred

and every power necessary to be implied for the. complete exercise of the powers granted."

And in *New England, etc., Co.* v. *Robinson,* 25 Ind. 536, it is decided that "corporations, along with the express and substantive powers conferred by their charters, take by implication all the reasonable modes of executing such powers which a natural person may adopt in the exercise of similar powers." See *The City of Lafayette* v. *Cox,* 5 Ind. 38; *Kyle* v. *Malin,* 8 Ind. 34; *The Board, etc.,* v. *Day,* 19 Ind. 450; *Haag* v. *The Board of Comm'rs of Vanderburgh Co.,* 60 Ind. 511; *House* v. *The Board, etc.,* 60 Ind. 580; *The Second National Bank, etc.,* v. *The Town of Danville,* 60 Ind. 504; *The Board, etc.,* v. *Saunders,* 17 Ind. 437.

Section 5 of the statute above copied provides that the board of commissioners of a county shall have "all the powers incident to corporations, not inconsistent with the provisions of this act."

It is a power incident to corporations to borrow money to meet a debt, when necessary and proper. Angell & Ames Corporations, sec. 257; *The Board, etc.,* v. *Day,* 19 Ind. 450. Section 17 of the statute of this State, above cited, contains a limitation upon this power. It authorizes the creation under certain circumstances, of a funded debt, in a certain amount, and prohibits the creation of a second funded debt, till the first has been paid, where it amounts to one per cent. on the taxable property. · *The Board, etc.,* v. *Cottingham,* 56 Ind. 559.

The language of the section is that no second loan shall be made, "as above provided," till the first is paid. This does not interfere with the incidental power to make temporary loans to meet temporary emergencies. *Ketchum* v. *The City of Buffalo,* 14 N. Y. 356, is in point.

In *Mills* v. *Gleason,* 11 Wis. 470, it is decided, that, "When the charter of a municipal corporation confers the power to purchase fire apparatus, cemetery grounds, to establish

markets, and do many other things, for the execution of which money would be a necessary means; it would, in the absence of any positive restriction, confer the power to borrow money as an incident to the execution of these general powers." Accord:—*The State* v. *Common Council, etc* , 7 Wis. 688 ; *Bank of Chillicothe* v. *The Town of Chillicothe,* 7 Ohio, 354 ; *Moss* v. *Harpeth Academy,* 7 Heisk. 283 ; *Commonwealth, ex rel.,* v. *The Select and Common Councils of the City of Pittsburgh,* 34 Pa. State, 496 ; *Clarke* v. *School District No.* 7, 3 R. I. 199 ; *Hardy* v. *Merriweather,* 14 Ind. 203 ; *Sheffield School Township* v. *Andress,* 56 Ind. 157 ; *The Second National Bank, etc.,* v. *The Town of Danville,* 60 Ind. 504.

Such is the settled law in Indiana. In Iowa a different doctrine is held. The cases are cited in *Gause* v. *The City of Clarksville, infra.* Statutes of different states have more or less to do with the question. Corporations may act by agents appointed by vote or resolution. Angell & Ames Corporations, sec. 282 ; *Hamilton* v. *The Newcastle, etc., R. R. Co.,* 9 Ind. 359.

It is unnecessary that we should consider the question, whether, had the money been borrowed without authority, the board could be enjoined from repaying it. Such an injunction in this case would scarcely be equitable. *Tash* v. *Adams,* 10 Cush. 252. See *Ridenour* v. *Wherritt,* 30 Ind. 485 ; *Baker* v. *The Board, etc.,* 53 Ind. 497 ; *Halstead* v. *The Board of Comm'rs of Lake Co.,* 56 Ind. 363 ; *Gause* v. *The City of Clarksville,* 18 Am. L. Reg., N. S. 497.

The judgment is affirmed, with costs.