## THE CITY OF CONNERSVILLE v. THE CONNERSVILLE HYDRAULIC COMPANY.

CITY.—*Order on Treasurer.*—*Holder may Sue Upon.*—*Mandate.*—A city, incorporated under the general laws of the State, may be sued upon a warrant drawn upon its treasurer by the proper officers, by the holder thereof, and he need not proceed by mandate.

SAME.—*Evidence of Funds.*—In a suit upon a city order, it is not necessary, to entitle the holder thereof to recover, that he should show that the city treasurer had funds with which to pay it, or that he endorsed it "not paid for want of funds."

SAME.—*Water-Works Trustees.*—*Authority to Issue City Orders.*—Under sections 3272 *et seq.*, R. S. 1881, the board of water-works trustees of a city, and not the common council, are the proper officers to audit, allow and direct the payment of claims against the water-works; but for debts incurred for water furnished a city, prior to the appointment and qualification of a board of water-works trustees, under section 3270, the common council may rightfully issue warrants on the city treasurer.

From the Fayette Circuit Court.

*R. Conner*, for appellant.

*B. F. Claypool* and *J. H. Claypool*, for appellee.

ELLIOTT, J.—The questions which this record presents are these:

*First.* Can a city incorporated under the general laws of the State be sued upon a warrant drawn on the treasurer by the proper officers, or must the holder proceed by mandate?

*Second.* Is it incumbent on the holder of the warrant to show that the treasurer had funds, or that he endorsed the warrant "not paid for want of funds"?

*Third.* Can the common council of a city having a board of water-works trustees, as provided by the act of March 25th, 1879, rightfully authorize the issuing of a warrant on a claim for water supplied through the water-works to the city?

*Fourth.* Does the matter of supplying and paying for water remain in the control of the common council until the water-works trustees have fully qualified, and can the council right-

fully issue warrants for debts incurred prior to the time the trustees qualified?

Of these questions, in their order:

*First.* There can be no doubt as to the right of the holder of a corporation order or warrant to maintain an ordinary civil action upon it; nor can there be any doubt that he is not bound to resort to the extraordinary remedy of mandate. It is well settled that ordinary actions may be maintained against municipal corporations upon their contracts as well as for their torts. Demands against a municipal corporation may be reduced to judgment in like manner as similar demands against natural persons, and where an ordinary civil action will attain this end it is never necessary to resort to the extraordinary remedy of mandate. *Board, etc.,* v. *State, ex rel.,* 11 Ind. 205; *Board, etc.,* v. *Hicks,* 2 Ind. 527; *Heine* v. *Levee Commissioners,* 19 Wal. 655; *City of Aurora* v. *West,* 22 Ind. 88; Burroughs Pub. Sec. 623. It is true that the public property can not be seized upon execution, but this does not affect the right to sue and obtain judgment. It is one thing to obtain a judgment and another thing to enforce its collection.

*Second.* Ordinary corporation orders are evidences of indebtedness upon which the holder may maintain an action. 1 Dill. Munic. Corp., sec. 487; *Wheelock* v. *Auditor, etc.,* 130 Mass. 486. They constitute *prima facie* causes of action; for the presumption is that the officer by whom they were drawn did his duty. They are not negotiable instruments in such a sense as to be protected in the hands of *bona fide* holders against defences, but they are obligations of the corporation upon which the holder may maintain an action. 1 Dill. Mun. Corp., sec. 502; *Board, etc.,* v. *Day,* 19 Ind. 450.

The treasurer of the corporation is its agent, and his act in refusing to pay the warrant upon presentation is the wrong of his principal. It is not necessary for the holder of the warrant to show that the treasurer endorsed it " not paid for want of funds." It is sufficient for him to show that it was presented and payment refused. If it was the duty of the

treasurer to make such an endorsement, and he failed to do this duty when the warrant was presented to him, then his wrong was that of the corporation, and not of the holder of the warrant, and it can not be allowed to defeat his recovery. There is, indeed, some conflict among the cases as to whether it is necessary to make any demand at all, some of them holding that ability and readiness to pay are matters of defence. *Indiana, etc., R. R. Co.* v. *Davis,* 20 Ind. 6; *Maux Ferry G. R. Co.* v. *Branegan,* 40 Ind. 361; *Varner* v. *Nobleborough,* 2 Me. 121 (11 Am. Dec. 48).

It is well settled that the holder of a warrant is not bound to show that the municipality had funds in its treasury. It would be a strange doctrine that would impose upon a creditor, holding his debtor's obligation, the duty of showing both a liability and an ability to pay.

*Third.* The statute commits to the board of water-works trustees the management and control of all matters concerning the supply of water, the collection of water rents, and the payment of expenses incurred in maintaining and operating the water-works. In one of the sections of the act referred to it is provided that the trustees of the water-works shall make such by-laws and regulations for the economical management and protection of the water-works as they may deem necessary. R. S. 1881, sec. 3272. In another section it is enacted that, "For the purpose of paying the expenses of managing and operating the water-works, the trustees of the water-works shall have power to assess and collect, from time to time, a water rent" upon all premises supplied with water. R. S. 1881, sec. 3273. Another section provides that all moneys shall be deposited with the treasurer; and still another provides that "All moneys so deposited shall be kept a separate and distinct fund, subject to the order of said trustees." R. S. 1881, sections 3275, 3276. These provisions, taken in connection with the other provisions of the act, and considered in connection with its general scope and spirit, clearly indicate an intention to take the control of

water-works, in cities of the class to which the act applies, from the common council, and vest it in the board of trustees. If there was a properly organized board of trustees in the city of Connersville when the debt for which the warrant was issued was incurred, then the trustees, and not the common council, were the proper officers to audit, allow and direct payment of the claim.

In one of the sections to which we have referred it is provided that the fund shall be kept separate and distinct and that it shall be subject to the order of the trustees. The effect of this provision is to create a specific fund for the payment of claims against the water-works, and one which can only be reached in the manner provided by the statute. As the statute creates a separate fund, and provides a specific manner for reaching it, one who has claims upon such fund, accrued subsequent to the time the act went into force, and the organization of a board of trustees under it, must assert his claim through the proper officers, and can not invoke the assistance of other municipal officers who have no authority over the subject or over the fund. A fund provided for a specific purpose, and expressly placed in charge of designated officers, can not be reached by orders issued by officers having no control or authority over it.

Where a public law prescribes the authority and defines the duty of municipal officers, all who deal with the corporation are bound to take notice of the authority and duties of such officers.

*Fourth.* We come now to the fourth and last question in the case. The act of March 25th, 1879, did not have a retrospective effect, and therefore did not apply to debts contracted by the common council prior to its enactment. It is a familiar rule, that statutes will not be given a retroactive effect unless the rigor of their language is such as to make it the imperative duty of the courts to so construe them.

The general law for the incorporation of cities vested in the common council broad and comprehensive powers over

the finances, business, and property of the city, and these powers continued in existence, as to the water-works, as well as other municipal property, until the coming in of officers legally authorized and empowered to take charge and control of the works. The question is thus narrowed to this, was the debt for which the warrant in suit was issued contracted before the city of Connersville had a legal board of water-works trustees? The evidence shows that the trustees did not fully qualify until June 7th, 1880, and that the account for which the warrant was issued was for water furnished from December, 1879, to June, 1880. We think this sufficiently shows that the debt for which the warrant was issued was contracted before the trustees came into office, and was then an existing claim against the city.

It is not in the power of the Legislature to substitute one debtor for another in cases where the creditor has acquired vested rights. To give the act of 1879 a retroactive effect, would be to materially change the rights of the appellee, for it would take away the right to deal with the officers with whom the contract was made, and also the right to look to the general treasury of the municipality for payment of the claim. Whether the Legislature had power to do this we need not decide, but the fact that a construction which would give the statute a retrospective operation would result in so radical a change in the rights under the original contract, supplies a strong reason against such a construction.

The burden of impeaching the validity of the warrant was upon the appellant, and this involved the necessity of showing that the demand had not accrued prior to the execution of the contract for furnishing the water. In the absence of evidence upon this point, the presumption is with the finding of the trial court. Judge Dillon says: "County and city orders signed by the proper officers are *prima facie* binding and legal. These officers will be presumed to have done their duty. Such orders make a *prima facie* cause of action. Impeachment must come from the defendant." 1 Dill. Mun. Corp., section 502, auth. n.

It devolved upon the appellant to show that the claim for which the warrant was issued was not a legal demand against the general municipal treasury, and the evidence, so far from showing this, fairly shows that the demand was one upon which the city was liable at the time the order was ordered to be issued, and one for which it was proper to issue the warrant declared on.

Judgment affirmed.