## S. H. RAY, COUNTY TREASURER OF BREVARD COUNTY, APPELLANT, VS. THOMAS E. WILSON, APPELLEE.

1. Where a clerk of the circuit court is *ex-officio* auditor of his county, and it is his official duty to audit all accounts against the county, in the manner prescribed by the statute, and to keep on file in his office the vouchers for all claims audited by him, and the law also provides that all accounts against a county shall be approved by the county commissioners before they should be audited by the clerk, warrants or orders in favor of third parties issued by the clerk under his seal of office, directed to the county treasurer, and expressed upon their face to be "chargeable under head of county expenditures" or to be payable "out of any money in the treasury appropriated for county purposes," are *prima facie* valid claims against the county.

2. Mandamus lies against a county treasurer to compel the payment of a valid warrant or order drawn on him as such treasurer, and for the payment of which he has the necessary funds applicable thereto.

3. Where an alternative writ of mandamus brought to compel the payment by a county treasurer of county warrants, shows that warrants, regular upon their face, were issued by the proper officer, and for value received, and that the treasurer has the funds for their payment, it is not demurrable.

4. The fact that an ordinary action at law obtains against a county on a county warrant, does not constitute a specific and adequate remedy, avoiding a mandamus for its payment in favor of the holder of such warrant against a county treasurer having the necessary funds for its payment.

5. A return to a sufficient alternative writ of mandamus must state all the *facts* relied upon by the respondent with such precision and certainty that the court may be fully advised of all the particulars necessary to enable it to pass upon the sufficiency of

S. H. Ray v. Thomas E. Wilson.—Syllabus.

the return ; and its statements cannot be supplemented by in-
ference or intendment. A return that the warrants whose
payment is sought are spurious, illegal and void is, being a
mere conclusion of law, insufficient, as likewise is a return,
that the warrants were issued and are held without valuable
consideration, such statement being made not as a positive
averment of such fact, but as an inference or argument drawn
from or based upon allegations which do not support the in-
ference or argument.

6. Assuming that an order by a board of county commissioners,
duly entered upon its records, authorizing the issue of county
warrants, to be necessary to the validity of warrants of which
payment out of the county treasury is sought by mandamus, a
return stating that no such order *appears* upon the records of
the board, is insufficient. It is not incompatible with the fact
that such an order was duly made and entered upon the rec-
ords, nor tantamount to an allegation that no such order was
ever passed and entered.

7. An order of a board of county commissioners requiring that
county warrants previously issued shall be presented for re-
examination by the board, and providing that all such scrip
not presented by a stated day shall be of no effect, or "repu-
diated," is, though published according to the terms of the
order, no defence to the payment of warrants not presented.

8. The statement of a return to an alternative writ of mandamus
should be positive, and not on information and belief.

9. The delay of the relator in instituting proceedings by mandamus
should be taken advantage of by proper pleading in the trial
court. It cannot be urged primarily in the appellate court.

Appeal from the Circuit Court for Brevard county.

The facts in the case are stated in the opinion of the
court.

*Minor S. Jones* for Appellant.

*Thos. E. Wilson* for Appellee.

RANEY, C. J.:

This is an appeal from a judgment awarding a peremptory writ of mandamus requiring the appellant, the County Treasurer of Brevard county, to pay certain county scrip or warrants.

The warrants consist of two pieces, each of the denomination of ten dollars, dated October 26th, 1876, and purporting to have been issued in the office of the clerk of Brevard county, at Lake View, by John M. Lee, Clerk of the Circuit Court of that county, and *ex-officio* auditor, and sealed with the official seal of such clerk, and in favor of William Shiver or order, and "chargeable under head of County Expenditures," and endorsed by Shiver ; and of seven other pieces, six of which are for twenty dollars, and one for ten dollars, drawn in favor of the relator, and dated May 2d, 1876, at Lake View, in the above county, signed by John M. Lee, clerk of such court, and sealed as above indicated, and payable "out of any moneys in the treasury appropriated for county purposes." They are all drawn on the County Treasurer, and numbered as indicated in the alternative writ. The alternative writ alleges that these warrants were regularly issued for value received, and that the defendant has in his hands as such County Treasurer the necessary funds to pay them, and that they have been presented to

him, as such treasurer, for payment, but have never been paid, and that defendant is such treasurer.

By the Constitution of 1868, as by the present revision thereof, the Clerk of the Circuit Court was made Clerk of the Boards of County Commissioners and *ex-officio* Auditor of the county. Sec. 19, Art. VI, Constitution of 1868, and sec. 15, Art. 5, Constitution of 1885. The act of June 6th, 1870, sec. 31, p. 179 McClellan's Digest, provides that the clerks of the different counties shall audit all accounts against their respective counties in the same manner as prescribed for the Comptroller to audit accounts against the State, and that they shall require the same evidence of the legality of claims against counties as is required to establish claims against the State, and he shall keep on file in his office vouchers for all claims audited by him. By the act of February 16th, 1872, p. 316, McClellan's Digest, the County Commissioners were given power to approve all accounts against the counties before the same should be audited by the clerk. The legislature of 1877, secs. 12, 13, pp. 317, 318, McClellan's Digest, being subsequent to the issue of these warrants, need not be considered.

The alternative writ was demurred to, on four grounds, one of which was, that the relator had filed no cause of action ; which ground was sustained and the others overruled ; and the relator filing the cause of action, the defendant answered as required.

The writ states, in our judgment, a *prima facie* case of pecuniary liability on the part of the county ; or,

in other words, sets up a sufficiently valid claim against the county to call for a defense. Under the above constitutional provision and the legislation of 1870, it is clearly an official duty of the Clerk of the Circuit Court to audit all claims against the county, and these warrants issued by him under his hand and official seal are the usual and proper evidence then given a creditor of the auditing of his claims against the county, the vouchers for which are presumed to have been duly required by the clerk or auditor, and to have been filed by him in his office. County and city orders issued by the proper officers are *prima facie* binding and legal ; such officers are presumed to have done their duty, and the orders constitute a *prima facie* cause of action, the impeachment of which must come from the defendant. Dillon on Municipal Corporations, sec. 502 ; Floyd County Commissioners vs. Day, 19 Ind., 450 ; Leavenworth County Commissioners vs. Keller, 6 Kan., 510 ; Clark vs. City of Des Moines, 19 Iowa, 199, 211 ; Cheeny vs. Town of Brookfield, 60 Mo., 53 ; City of Connersville vs. Connersville Hydraulic Co., 86 Ind., 184. It is, in the absence of any showing to the contrary, to be presumed that the accounts upon which the warrants were issued were approved by the County Commissioners under the act of 1872 before the clerk audited them and issued the warrants sued on. It was not necessary to specify the consideration of the warrant in the writ. Floyd County Commissioners vs. Day, *supra*. An alternative writ is not demurrable, if it states a *prima facie* case. State ex rel. Citizens' Gas Light Co. vs. Mayor and Aldermen of Jackson-

ville, 22 Fla , 21. This writ shows that the script was issued by the proper officer, and for value received, and that the treasurer has funds to pay it ; and the judgment must be affirmed unless we find either that the relator has another specific and adequate remedy, or that the matters set up in the return are sufficient to bar a recovery in this proceeding. To these questions, in the order stated, we shall address ourselves.

In Commonwealth vs. Johnson, 2 Binney, 275, the decision was, that mandamus lay to compel road supervisors to pay orders drawn on them in favor of surveyors by justices of the peace, under the provisions of a statute. "It is said," observes the opinion, "that the supervisors may be indicted for neglect of duty. But if they were indicted and convicted the orders might still be unpaid. It is said also that if they withhold payment without just cause they are liable to an action. Granting that they are, it must be brought against them in their private capacity, and there is no form of action against them, which, being carried to judgment, will authorize an execution to be levied on the treasury of the Northern Liberties. Now it was to this treasury that the surveyors had a right to look, when they acted under their commission from the Governor." In Baker vs. Johnson, 41 Maine, 15, mandamus was granted to compel a county treasurer to pay the account of a sheriff for his services and those of his subordinates in attending court. His bills were audited and allowed by the presiding judge. Some objection was made that the judge did not in

terms order the bills to be paid, yet it was conceded that they were allowed in the same manner as had ever been the practice in the county. In Potts vs. State ex rel. Ogg, 75 Ind., 336, a supervisor of highways had allowed a laborer for work done and given him an order on the trustees of the township for its payment, but the trustee, on demand of payment, refused to pay the order out of the moneys in his hand applicable to its payment, and a peremptory mandamus was granted on relation of the supervisor. In State *ex rel.* vs. Gandy, County Treasurer, 12 Neb., 232, the writ after describing the warrants and their assignment to the relator, stated in substance that the warrants were legally issued by the Board of County Commissioners, duly presented to, and audited and allowed by the board when in session, and that they had been presented for payment and payment refused, and that there were, at the institution of the proceeding, sufficient funds in the treasury to pay the same after paying all prior warrants on that fund. These facts being conceded by the failure of the defandants to answer, a peremptory writ was awarded. See also Johnson vs. Campbell, 39 Texas, 83 ; Hendricks vs. Johnson, 45 Miss., 644 ; Clayton vs. Williams, 49 Miss., 311; State *ex rel.* vs. Treasurer of Gallaway Co., 43 Mo., 228 ; People vs. Edmunds, 15 Barb., 529, and 19 Barb., 468 ; People vs. Haws, 36 Barb., 59. In People vs. Wendell, 71 N. Y., 171, there was an application, primarily, for a *peremptory* mandamus requiring a county treasurer to pay a claim of the relator, which had been audited by the Board of Supervisors of the

county.   The papers used in opposing the motion showed quite clearly that a fraud had been perpetrated upon the Board of Supervisors in reference to a considerable portion of the claim, and it was also apparent that another portion of it was allowed without any authority or sanction of law.   The order denying the application was affirmed.   Recognizing it as a settled principle that a remedy by peremptory mandamus cannot be invoked unless there is a clear and unquestioned legal right, (People vs. Mott, 64 N. Y., 600,) it is yet observed by the court, subject, however, to the fact that in this case an alternative writ did not seem to be desired, that it is the duty of the court in such cases to see that the rights of the relator are fully protected, and it is authorized to direct the issuing of an alternative writ in cases where the facts relied upon by the relator are in dispute, or where the parties wish to review the case on appeal, or upon the suggestion of either party.

The above authorities hold that where the claim of the relator is one of a character whose payment the law imposes on the county or municipality, and it has been audited, and ordered to be paid by officers having the authority to audit it and order its payment, a county treasurer, or other paying officer, should not refuse to pay, if he has the money to pay it with, unless the claim is for some reason fraudulent.   The duty to pay, where the paying officer has the funds to pay with, and the officers auditing and ordering payment have acted within the scope of their powers, and there is no fraud attached to the claim, is merely ministerial,

and mandamus will lie to compel its payment. It is true the right to this remedy was doubted, though not decided, in People vs. Lawrence, 6 Hill, 344, but such right is affirmed in the later New York cases. If the claim is not one of a character payable by the county or municipality, or if the board auditing it and ordering its payment had no authority to do so, or if there is fraud (or, it may be, mistake, Strook vs. Pulaski Co., 4 Dallas, 208), neither of which conditions is pretended to exist here, the paying officer should refuse to pay it. It is true that in some cases the right to the writ is put on the ground that an ordinary action at law will not lie against the county or municipality on the claim. We fail to see that such an action against the county is a sufficient remedy. If the claim is lawful and has been audited and ordered paid by the proper authority, and the officer whose function it is to pay, has been furnished with, and has the public money for its payment, there is a palpable insufficiency in a remedy which would give him a personal judgment against the county or municipality, to be followed it may be by a mandamus to compel the levy of a tax to pay the same in case the money in the treasury should have been used, or there was not enough to pay the accrued interest, and all this too simply because an officer whose duty it is to pay lawful claims sees fit to refuse to do his duty. The holder of such a claim has an immediate right to the money provided and held for his payment, and a remedy which imposes any of the delay indicated and its attendant ex-

pense, is entirely inadequate. A remedy which will avoid mandamus must be both specific and adequate. Baker vs. Johnson, *supra ;* Tapping on Mandamus, 18, 19 ; High on Extraordinary Legal Remedies, secs. 9, 15, 16, 17.

The contention that the relator has another sufficient legal remedy is answered by the authorities and observations set out above. This case is of course clearly distinguishable from those holding that a mandamus will not issue to compel the levy of a tax to pay a warrant or order of this character without putting it in judgment. State *ex rel.* vs. Clay County, 46 Mo., 231 ; State *ex rel.* vs. Justices of Bollinger County Court, 48 Mo., 475 ; State *ex rel.* vs. Trustees of Town of Pacific, 61 Mo., 155 ; Coy vs. City Council of Lyons, 17 Iowa, 1; Chase vs. Morrison, 40 Iowa, 620. We are not called upon to notice the distinction made between cases where a warrant is payable expressly out of a particular fund, and those where it is not.

The return "charges" that the scrip is spurious, illegal and void, and was issued, and is held by relator without valuable consideration, such charge being made upon the basis of an allegation that "no order or resolution appears upon the records ordering or authorizing the clerk to issue or sign said scrip to relator," and of another allegation that on the first Monday in January, 1880, the Board of County Commissioners passed an order "that all Brevard County scrip issued between January 1st, 1870, and January

1st, 1890, be called in, and handed to the clerk of the Board for the purpose of being examined by the Board, and that all scrip found to be good should be re-stamped, and that all scrip not in, or before the Board, by the first Monday of March, A. D., 1880, would be repudiated; and that such order should be published up to March 1st, 1880, in the Orange County Reporter," and also be posted at the several voting precincts of Brevard county. The cause of the adoption of this order is stated by the respondent, upon information and belief, to be that prior to the year 1880, a large amount of spurious scrip or orders upon the Treasurer of Brevard county had been placed in circulation, and had been and was being circulated and transferred by mere delivery, "that is to say, it appeared that scrip to a large amount had been issued without the sanction or order of the Board of County Commissioners of Brevard county, that this fact appears from the records of said county, the records of said county showing that no accounts for said scrip are filed, and no account is filed, and no account for said scrip was acted upon or approved by the Board of County Commissioners for said county, and that no such accounts were audited by the auditor of said Board of County Commissioners, and that said Board of County Commissioners never issued said scrip, or authorized the same to be issued;" and the purpose of the order is charged to have been "to protect the county from being defrauded by the payment of such fraudulent, spurious and illegal scrip."

The charge that the scrip is spurious, illegal and

void, is a mere conclusion of law, and insufficient as a return; High, sec. 472; and the charge that it was issued and is held without valuable consideration, is also insufficient in law, it being made not as an independent or positive averment of such fact, but as an inference, argument, or conclusion of law drawn from or based upon allegations which as appears in the preceding paragraph of this opinion, in no wise support the inference, argument or conclusion; and for this reason the charge or averment is insufficient. High, section 472. Unwarrantable inferences do not constitute of themselves a defense, whether the facts from which they are drawn be a defense or not. It is of course altogether immaterial that the relator may not *hold* these warrants for a valuable consideration, if it be that they were *issued* for one, and are otherwise legal. It is not properly denied that they were so issued, nor that they are so held.

The allegation that no order or resolution appears upon the records, meaning of course the records of the Board of County Commissioners, ordering or authorizing the clerk to issue or sign this scrip, "to relator," is an entirely insufficient defense to a recovery on the scrip issued to the relator directly, as it is to that issued to Shiver, if we may ignore the words quoted, which confine the averment to that issued to the relator individually. If before the issue of the scrip the County Commissioners by an order or resolution duly entered upon their records, if such entry was necessary, (Johnson v. Wakulla county, 28 Fla.,

23

720, 9 South. Rep., 690) or otherwise, (if the entry was unnecessary), duly approved the accounts upon which it was issued, the fact that no such order or resolution appeared at the time of the application for the writ of mandamus, or at the time of the signing or filing of the return, is not fatal to the validity of the scrip. Its averment is not incompatible with the fact that such an order or resolution was legally passed and duly entered upon the records; nor is it tantamount to an allegation that no such order was ever passed or entered. The facts necessary to make it so should have been stated in the return. The rules governing returns in mandamus do not permit us to supplement their statements, by either inference, intendment, or otherwise; all of the facts relied upon by the respondent must be stated with such precision and certainty that the court may be fully advised of all the particulars necessary to enable it to pass upon the sufficiency of the return. Commissioners of Polk County vs. Johnson, 21 Fla., 578; State *ex rel.* vs. Mayor *et al.*, 22 Fla., 21; High, sections 470, 472, 474.

An order or resolution like that passed by the Board of County Commissioners in January, 1880, is not a defense to the payment of an obligation of a county, nor will its publication, in accordance with directions contained in it, render it so. It is to be observed, however, that neither the return nor the entire record informs us that there was any publication of the order, or even that the relator had notice of it. County Commissioners cannot impose on the holders of prior claims of this character against a county the

presentation thereof for the mere purpose of examination and endorsement, nor make it a condition of their validity or recognition. Their non-presentation under the resolution is of itself no bar to their recovery, nor to the proceedings now before us, and this too, no matter how much other scrip may have been issued during the same period without being duly audited, or without the order, sanction or approval of the Board of County Commissioners or of other legal authority, and had been, and was being, circulated in the manner alleged, nor that the fact of such unauthorized issue appears from the records of the county. The statement made in the return, of the causes leading to the adoption of the resolution in question fails to show that the particular scrip now sued upon was issued in the manner stated, and this scrip is consequently not affected by such statement. The infirmities of any other warrants or claims, whatever such infirmities may be, or however great is the quantity of such warrants or claims, cannot be extended by argument, inference or intendment to these.

The return also charges, upon information and belief, that the scrip is not shown by the records of the county of Brevard to be genuine, and based in accordance with law and for a full and valuable consideration enuring to the county, and that hence it is spurious and fraudulent, and issued in total disregard of law and without valuable consideration. What has been said above upon practically similar allegations of this return is, upon the authorities there cited, applicable

to this attempted defense and conclusive of its insufficiency.

Certain charges or allegations of the return are made on information and belief. We do not think this the proper form of averments in such pleadings ; State *ex rel.* Edwards vs. County Commissioners of Sumter Co., 22 Fla., 1 ; but, as in the case just cited, do not hold the return insufficient merely on that ground.

The point, as to delay in instituting this proceeding, should have been made by the pleadings in the lower court. It, if apparently good, might have been satisfactorily answered there, had this course been pursued. Logan vs. Slade & Etheredge, 28 Fla., 699, 10 South. Rep., 25.

The peremptory writ commands the payment of the warrants, identifying them, and stating their aggregate amount, $150, as it is stated in the alternative writ. A reference to a master was neither necessary nor proper.

The judgment is affirmed.