The alternative writ alleges that the Railroad Commissioners made and entered an order in which it is stated that after notice and hearing the Railroad Commissioners did "find from the evidence adduced before them at said hearing, and from an examination and inspection of the present freight and passenger facilities * that the existing passenger and freight facilities and accommodations of the Seaboard Air Line Railway Company at Dade City, Florida, are inadequate to meet the safety, convenience and comfort of passengers and the proper handling, care, protection and prompt delivery of freight." This part of the alternative writ is specially admitted to be true by the respondent's answer. To meet this the answer avers that the order sought to be enforced is arbitrary, unjust and unreasonable in that compliance therewith will cost respondent the expenditure of $20,000.00 for construction, etc., $1,800.00 for moving and setting up its present combination station at designated new location, and the abandonment of facilities at a loss of $500.00 and a reduction of trackage facilities for house and team track service of 250 feet; that said expenditures and facilities so required of respondent are out of all proportion to all reasonable needs of the public at Dade City, the passengers hauled in 1924 being about 30% less than in 1923, the average number of passengers per train per day being three. There are other averments in the answer relating to the volume of business at the station tending to show the order to be unreasonable in its extent. There is no direct averment in the answer that the present facilities are adequate; nor are the present facilities stated or described; nor are facts averred to show that the reasonable probability are that *Page 1152 
the business of the station will not so materially increase as to justify the increased facilities required by the order.
While it might be inferred from the averments of the answer that the order sought to be enforced may be unreasonable in its extent, yet under the statute the order "shall be deemed and held to be reasonable and just * unless the contrary plainly appears on the face thereof or be made to appear by clear and satisfactory evidence, and shall not be set aside or held invalid unless the contrary so appears," and the averments of the answer that are admitted by the motion for a peremptory writ, do not clearly or plainly make it to appear that the order is so unreasonable and unjust as to deny the respondent its organic property rights. The answer does not clearly bring this case within the principle applied in State ex rel.
Railroad Com'rs v. Florida East Coast R. Co., 71 Fla. 433,71 South. Rep. 543. See also State ex rel. Railroad Com'rs v. Florida East Coast R. Co., 64 Fla. 112, 59 South. Rep. 385.
A return to a sufficient alternative writ of mandamus must state all the facts relied upon by the respondent with such precision and certainty that the court may be fully advised of all the particulars necessary to enable it to pass upon the sufficiency of the return; and its statements cannot be supplemented by inference or indictment. Ray v. Wilson, 29 Fla. 342,10 South. Rep. 613; State ex rel. Burr v. Seaboard Air Line R. Co., ___ Fla. ___ 109 South. Rep. 656, text 662.
An inference that the order may be unreasonable in its extent will not justify the court in adjudicating the order to be invalid as a violation of respondent's property rights.