## BROWN v. CREGO, Treasurer.

**Circuit court:** MANDAMUS. The circuit court has jurisdiction in mandamus proceedings, a proceeding of this character being held to be "a civil action at law" within the meaning of section 4, act of April 3, 1868.

*Appeal from O'Brien Circuit Court.*

### TUESDAY, AUGUST 4.

PLAINTIFF holds a judgment against O'Brien county, rendered in the circuit court of the United States for the state of Iowa. A tax was levied by the county authorities to pay the judgment, and a certain amount of money was collected thereon, which, however, the defendant, treasurer of the county, refuses to pay upon said judgment. Plaintiff instituted this proceeding in the circuit court of the county for relief, asking that a writ of mandamus issue to compel the defendant to pay over upon said judgment said money.

Defendant demurred to this petition, on the ground that the circuit court has no jurisdiction in the case, claiming that proceedings asking for relief by mandamus are not within the jurisdiction of that court. The demurrer was sustained, and from that ruling plaintiff appeals.

*Joy & Wright* for the appellant.

*Wilson & Dye* for the appellee.

BECK, J.—Section 4 of the act of April 3, 1868 (Laws of the 12th General Assembly, p. 114), confers upon the circuit courts concurrent jurisdiction with the district courts in certain cases. It provides that such jurisdiction shall be exercised "in all civil actions at law, and in fore-

closure of mortgages;" specifies other cases wherein it may have like jurisdiction, but does not enumerate mandamus proceedings. It is admitted, that, unless such proceedings are included in the expression used in the statute cited, "all civil actions at law," jurisdiction therein is not conferred upon the circuit court. We must inquire, then, whether these words are properly applicable to mandamus proceedings.

Under the Revision of 1860, now in force, the proceedings are greatly changed in their character, and differ widely from the proceedings upon writs of mandamus at common law or under the code of 1851. It is believed that a reference to the different provisions applicable thereto will enable us to determine their true character, and whether they may properly be described as actions at law.

Revision, section 2605, divides remedies in civil cases into two classes, viz.: actions and special proceedings. Section 2606 defines a civil action to be "a common proceeding in a court of justice by one party against another for the enforcement or protection of a private right, or the redress or prevention of a private wrong." We understand by the expression "common proceeding," that kind of a proceeding which is instituted and conducted in a manner common to other civil actions. This is its evident meaning.

The mandamus proceeding is instituted by petition at the suit of any private party aggrieved (§ 3761); the pleadings and proceedings are the same, as nearly as may be, as in ordinary actions for the recovery of damages. § 3766. The relief by mandamus may be claimed in all actions when it is a proper remedy, except in replevin, detinue, and actions for the recovery of real property (§§ 3767, 4181); the proceedings in which the writ is issued is called an action, and when specifically named is

referred to by such designation. §§ 3762, 3766, 3771 and 4181. Section 4181 directs that the action shall be prosecuted by ordinary proceedings, *i. e.*, by an action at law. It is a common proceeding, instituted and conducted as other actions, so far as the nature of the remedy will allow, for the purpose of enforcing or protecting private rights, or redressing or preventing private wrongs. § 2606. It is, therefore, *civil action at law*, and is within the terms of section 4, act of April 3, 1868, which confers jurisdiction of such actions upon the circuit court.

It has been held, where the proceeding by mandamus is not modified as under our statute, that it is an *action. Kendall* v. *United States*, 12 Peters, 615 ; *Same* v. *Stokes*, 3 How. 99 ; *Kentucky* v. *Denison*, 24 id. 97.

If an action to enforce private rights or redress private wrongs, it must be a civil action, and an action at law, as expressly held in *Kentucky* v. *Denison*. These authorities bring it within the statute last cited.

We conclude that the demurrer to the petition was erroneously sustained. The judgment by the circuit court is therefore reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed.