## BROWN v. CREGO, Treasurer.

1. **Mandamus: COUNTY: PAYMENT OF JUDGMENT.** The law (Rev., § 3275; Laws of 1870, chap. 43) makes it the duty of a county treasurer, holding money collected upon a tax levied to pay a judgment recovered against the county, to pay it over to the judgment creditor on demand; and, if he refuses to perform this duty, mandamus will lie to compel him thereto.

2. —— **FEDERAL COURTS.** That the judgment in such case was obtained against the county, in the circuit court of the United States, does not affect the jurisdiction of our courts to enforce, by mandamus, the payment of the tax collected by the treasurer.

*Appeal from Woodbury Circuit Court.*

WEDNESDAY, OCTOBER 25.

THE plaintiff claims to be the owner of an unsatisfied judgment which he obtained against O'Brien county, in the circuit court of the United States, for the district of Iowa.    A tax was levied by the proper authorities of the county to pay the judgment, and a certain amount of money has been collected thereon, by the defendant, as treasurer of the county, which, it is alleged, he refuses to pay upon said judgment.    This action is brought to compel, by mandamus, the payment of the amount thus collected by the defendant.    A demurrer was interposed to the petition, on the ground that the circuit court had no jurisdiction of the mandamus proceedings, which was

sustained by the court below. On appeal to this court the ruling of the circuit court was held erroneous, and the judgment was reversed and cause remanded. 29 Iowa, 321.

Upon the cause again coming on for trial in the circuit court, the defendant filed a motion to dismiss the action, on the ground that the court did not have jurisdiction of the subject of the action; which motion was sustained and the action dismissed. Plaintiff appeals.

*Joy & Wright* for the appellant.

*Wilson & Dye* for the appellee.

MILLER, J. — I. Whether or not the defendant should have made all of his objections to the jurisdiction of the court in his demurrer, and what effect the decision of this court on appeal had upon his right to make a subsequent motion to dismiss the action for want of jurisdiction over the subject-matter, we will not stop to inquire, but will proceed to examine the question made by the motion.

1. MANDAMUS: county: payment of judgment.

The plaintiff bases his right of action upon the facts that the county of O'Brien is indebted to him upon a judgment in the Federal court; that a tax was levied by the proper authorities of the county to pay this indebtedness, a part of which has been collected by the defendant as treasurer of the county, and which the law imposes as a duty upon him to pay over to the plaintiff, and that the defendant refuses to do so.

In cases where judgments are obtained against a county or other civil corporation, the statute provides, that "any public property, which is necessary and proper for carrying out the general purpose for which any such corporation is organized, is exempt from execution." And it also enacts, that "the property of a private citizen can in no case be

levied upon to pay the debt of a civil corporation." Rev., § 3274. How then is a creditor of a county to compel payment of his debt? The next section (3275) provides: "In case no property is found on which to levy, which is not exempt by the last section, or if the judgment creditor elects not to issue execution against such corporation, he is entitled to the amount of his judgment and costs in the ordinary evidences of indebtedness issued by the corporation. And if the debtor corporation issues no scrip or evidences of debt, a tax must be levied, as early as practicable, sufficient to pay off the judgment with interest and costs."

In the case before us the statute has been complied with thus far; a tax has been levied for the purpose of paying off plaintiff's judgment against the county, and the defendant, as its treasurer, has collected a portion of such tax and has the same now in his custody. What is his duty in the premises? section 3275, as amended by chapter 43, Laws of 1870, clearly directs in the following language:

"And when a tax has been so levied, and the same, or any part thereof, has been collected, the treasurer shall, on demand, without a warrant from the clerk of the board of supervisors, pay the same to the creditor or his attorney, taking a receipt therefor, and, if not demanded, may pay the same to the clerk of the court where the judgment was rendered, taking his receipt therefor."

The petition shows that a demand was made upon the defendant for the money collected to pay plaintiff's judgment, and that payment was refused. It was the duty of the defendant, *specially enjoined by law*, to pay the amount collected, upon demand. In such case, *mandamus* is the appropriate remedy to compel performance of such duty. Rev., § 3761; *Bryon* v. *Cattell*, 15 Iowa, 538.

It is urged by appellee, that the judgment being in the Federal court, *that court alone* has jurisdiction to compel by mandamus the payment of the money by the treasurer.

We have seen that the law specially enjoins it as a duty upon the treasurer to pay money in his hands, derived from a tax levied to pay a judgment against the county, to the plaintiff or his attorney, on demand.

This duty is not limited by the statute to judgments in the State courts. Whenever money has been collected by the treasurer upon a tax levied to pay a judgment against the county, the law makes it the duty of the treasurer to pay it over to the plaintiff, on demand. The payment in such case is an act, the performance of which the law specially enjoins as a duty resulting from the office held by the defendant. For a refusal to perform this act *mandamus* will lie; and the writ is granted on the petition of the private party aggrieved, when the public interest is not concerned. Rev., § 3761.

That the State courts have jurisdiction to compel, by mandamus, county officers to discharge the duties of their office, has been frequently decided by this court. *The State ex rel. Rice* v. *County Judge of Marshall Co.*, 7 Iowa, 186; *Dishon* v. *Smith Co. Judge*, 10 id. 212; *The State ex rel. Dox* v. *County Judge of Johnson Co.*, id. 157; *The State ex rel. Clark, Dodge & Co.*, v. *City of Davenport*, 12 id. 335; *Coy* v. *City of Lyons*, 17 id. 1; *The State* v. *The City of Keokuk*, 9 id. 438; *The State ex rel. Byers* v. *Baily Co. Judge*, 7 id. 390; *The State ex rel. Van Houten* v. *Jones Co. Judge*, 13 id. 139. See, also, *Clark* v. *Board of Directors, etc.*, 24 id. 266; *Murphy* v. *The Board of Directors*, 30 id. 429; *Bryan* v. *Cattell*, 15 id. 538.

II. Again, it is argued that the jurisdiction of the Federal court was not exhausted by the rendition of judgment, 2. —— Federal courts: but that it continues until the judgment is satisfied, and that, therefore, the plaintiff could have enforced payment by a writ of mandamus from that court. This position may be conceded, and yet the plaintiff not be denied his right to proceed as in this action.

It must be borne in mind that the General Assembly has enacted that, whenever the treasurer of a county has money in his hands, derived from a tax levied to pay a judgment against his county, the plaintiff or his attorney may go and demand the payment of the money to him, and that it is the duty of the treasurer to pay the same on such demand. It is for a refusal to perform this specific duty that the statute gives the plaintiff a remedy by mandamus in the State courts. The jurisdiction of the Federal courts is in no manner abridged or interfered with, at least so long as that court has done nothing to enforce collection of the judgment.

That the legislature possesses the power to give a party this additional remedy is not, and we think, cannot be, questioned. A party obtaining a judgment in the Federal court is not bound to enforce it in that court. He may bring an ordinary action in a State court on the judgment where he may have the same enforced, and we can see no reason for questioning the authority of the legislature in giving the remedy sought in this case in addition to the other remedies provided by law.

III. It is objected that a portion of the judgment, viz., the costs in the Federal court, are due to the officers of that court and not to the plaintiff. If this position be correct, which we do not hold, it affords no ground for a dismissal of the action, at least so long as the principal and interest of the plaintiff's judgment is greater than the amount of money in defendant's hands.

IV. The question of the jurisdiction of the circuit court, in actions of this character, was determined on the former appeal in this case in favor of its exercise. 29 Iowa, 321.

The judgment of the court dismissing the action is

Reversed.