## S. E. WALKER v. GEORGE D. BARNARD & CO.

### No. 394.

1. **Mandamus to County Treasurer.**—Mandamus lies to compel performance of duties purely ministerial in their nature, and so clear and specific as not to call for the exercise of any discretion in their performance.

2. **Same.**—Under article 998, Revised Statutes, which provides, that if the county treasurer has any doubt of the legality of a warrant presented for payment, he shall not pay the same, but report it to the Commissioners Court for their consideration, if he has doubts of its validity and has been ordered by the Commissioners Court not to pay the warrant, he can not be compelled by mandamus to act in violation of that discretion, unless there was evidence that he had acted arbitrarily and without any reason in the matter.

#### ON REHEARING.

3. **Mandamus.**—The decisions holding that mandamus will lie against a county treasurer for nonpayment of warrants have been rendered in the absence of statutes

placing any discretion in the payment of claims in the power of the treasurer.   Johnson v. Campbell, 39 Texas, 83, disapproved.

APPEAL from Presidio.   Tried below before Hon. C. N. BUCKLER.

*P. H. Clarke,* for appellant.

*J. M. Dean* and *Falvey & Davis,* for appellees.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellees against appellant, as county treasurer of Presidio County, to compel him to pay certain warrants that had theretofore been issued by the Commissioners Court of said county.   It was alleged, that appellee was a corporation, and the owner and holder, for a valuable consideration, of the warrants which were issued by order of the Commissioners Court of Presidio County; that the warrants were duly registered, and afterwards appellees presented them to the county treasurer, who refused payment of the same.   It was also alleged, that the warrants were of the third class, and that there were funds sufficient to pay off claims of that class after paying off other claims of a higher class.   There was a prayer for a writ of mandamus to compel appellant to pay off the warrants in the order of their registration out of any funds of their class.   Appellant filed general and special exceptions, and answered, alleging that his reason for declining to pay off the warrants was that he doubted their validity, and doubted his right to pay them off to appellee or anybody else, and still continued to doubt his authority; that the Commissioners Court, prior to the presentation of the warrants for payment, had issued two orders, which were still in force, forbidding him from paying the warrants; that he informed appellee of the existence of said orders; that the members of the Commissioners Court should be joined as parties defendant in the suit; that since the issuance of the warrants there had been created out of Presidio County four other counties, none of which had paid any part of the indebtedness of the parent county existing at the time of their creation and proratable under the statute to said counties; that the pro rata of the new counties not having been determined, appellant was not in a position to know how much, if anything, was due by Presidio County.   There was also a plea, verified by affidavit, setting up a defect of parties, and asking that the new counties be made parties.

The exceptions were overruled, and the case being tried on the facts, there was judgment awarding a writ of mandamus to appellant as county treasurer, as prayed for, and for costs against him as an individual.

We find the following facts established by the record:   That appellees were the legal owners and holders of the warrants sued on, some of which were issued as far back as 1880, and all of them had been issued on order of the Commissioners Court of Presidio County.   These

warrants, which had been duly registered, were presented by appellees to appellant, who was the treasurer of Presidio County, and he refused to pay the same, although he had on hand at time of presentment funds of the class of the warrants sufficient to pay off a portion of the warrants. Prior to the time of the warrants being presented to appellant for payment, the Commissioners Court had issued two orders, and had them recorded, ordering appellant not to pay the warrants. The warrants were regarded by the treasurer (appellant) to be of doubtful validity. After the warrants had been issued four other counties, to wit, Jeff Davis, Brewster, Buchel, and Foley, had been formed from portions of Presidio County.

Mandamus lies to compel performance of duties purely ministerial in their nature, and so clear and specific as not to call for the exercise of any discretion in their performance. 14 Am. and Eng. Encyc. of Law, p. 98; High on Ex. Leg. Rem., sec. 112.

If the duties of the county treasurer as connected with the payment of warrants are purely ministerial, mandamus would ordinarily lie to compel the payment of warrants issued by order of the Commissioners Court; but if he has the exercise of discretion confided to him by the statutes of this State, he can not be compelled by mandamus to pay the warrants.

"While the duty of making payment of a demand definitely ascertained and legally due is in itself purely a ministerial act, and therefore a proper subject of control by mandamus, yet the rule is otherwise if the fiscal officer intrusted with the duty of making payment is also intrusted with power of a discretionary nature in determining the propriety of the demands which he shall pay. In such case, the general principle of forbidding the interference of the courts with the exercise of official discretion is refused." High's Ex. Leg. Rem., sec. 115; People v. Chapin, 104 N. Y., 96; The People v. Knickerbocker, 55 Am. Rep. (Ill.), 879; Mech. Pub. Off., sec. 945.

Article 998, Sayles' Statutes, is as follows: "The county treasurer shall not pay any money out of the county treasury except in pursuance of a certificate or warrant from some officer authorized by law to issue the same; and if such treasurer shall have any doubt of the legality or propriety of any order, decree, certificate, or warrant presented to him for payment, he shall not pay the same, but shall make report thereof to the Commissioners Court for their consideration and direction." There is no uncertainty or obscurity about this statute. It not only lodges discretion with the treasurer, but specifies, that after the exercise of it he shall report to the Commissioners Court, and that the matter shall then be under their consideration and direction. The facts in this case show that prior to the time that the demand for payment of the warrants had been made on the treasurer, two orders of the Commissioners Court had been issued requiring him not to pay the warrants, and further show, that he had doubts of the validity of the warrants. Appellant exercised the discretion intrusted

to him by the statute, and he can not be compelled by mandamus to act in violation of that discretion, unless there was evidence that he had acted arbitrarily and without any reason in the matter. He is protected from this charge by the orders of the Commissioners Court.

It becomes unnecessary to notice the numerous assignments of error. The judgment will be reversed and the cause dismissed.

*Reversed and dismissed.*

Delivered June 20, 1894.

### ON MOTION FOR REHEARING.

FLY, ASSOCIATE JUSTICE.—One of the orders issued by the Commissioners Court of Presidio County was dated in May, 1890, and the other in December, 1890. When the doubts of the treasurer in regard to the "legality or propriety" of the warrants arose is not disclosed by the record, but the statute requires him, upon such doubts arising, to report the matter to the Commissioners Court, and the presumption would be that he performed his duty, and that at least one of the orders was the result of his report. The record does not show that the presentation made of the claim in 1892 was the first time demand had been made for payment. Even if the orders were the cause, rather than the result, of the doubts in the mind of the treasurer, still, under the statute by which this decision is shaped and controlled, the exercise of discretion is vested in the treasurer, and the law, in the absence of proof, will presume a full compliance with his duty. The statute does not limit the discretion to a reasonable doubt, but says, if he "shall have any doubt" he shall not pay the warrants. The treasurer swears positively that he had doubts as to the legality and propriety of the warrants, and refused to pay the same. This we believe he had a right to do, until further instructed by the Commissioners Court. The Commissioners Court may have acted illegally in issuing the two orders forbidding payment of the warrants, yet the orders may have caused the treasurer to investigate the matter, and thus raised the doubts in his mind, and he might well have said that he would have paid the warrants but for the order. In a number of States it has been held, that when the power of auditing claims has been placed with a certain board or court, that when so audited and warrants issued, the writ of mandamus to the county treasurer is permissible to compel payment. Ray v. Wilson, 29 Fla., 342; Martin v. Supervisors of Greene Co., 29 N. Y., 647; Brady v. City, 10 N. Y., 260; People v. Edmonds, 19 Barb., 468; People v. Haws, 21 How. Pr., 178; Brown v. Crego, 32 Iowa, 498; Meyer v. Porter, 65 Cal., 67; Sessions & Leary v. Boykins, 78 Ala., 328; State v. Gandy, 12 Neb., 232.

These cases, however, all seem to have been rendered in the absence of statutes placing any discretion in the payment of claims in the power of the treasurer. In Mississippi, a decision permitting mandamus to a county treasurer is based on the ground that "the treasurer

has no power to suspend or refuse payment of warrants properly drawn on him by the clerk in obedience to the board of supervisors, unless it is expressly given him by statute." Hendricks v. Johnson, 45 Miss., 644.

In Indiana it has been held, "a fiscal officer can not be compelled by mandate to pay a claim where any duty is devolved on him except the mere ministerial act of making payment.". The State v. Snodgrass, 98 Ind., 550.

We have seen no authority that attacks this position, unless the case of Johnson v. Campbell, 39 Texas, 83, may be held to do so. While holding that the treasurer would have authority to report to the County Court in "ordinary cases," that opinion held that vouchers signed by the "lieutenant of State police in charge," and approved by James Davidson, "adjutant general and chief of State police," were to be paid by the treasurer without discretion. The opinion seems to go even further, and deny the exercise of any discretion except to report the matter to the Commissioners Court; but we hold that the opinion is directly in the teeth of the statute, and we can not follow it until there is an authoritative decision of our Supreme Court sustaining it. It is contended, that even if the alternative writ was not properly granted, if it was shown upon the trial that appellant had no reason for his doubts as to the legality or propriety of paying the warrants, the case was in court and jurisdiction had attached, and under the facts the peremptory writ of mandamus should issue. The reason given for this position is, that if the treasurer had been sued for the nonpayment of the warrants and judgment had been obtained, the court could issue a mandamus compelling the payment of its judgment. We are of the opinion that such a suit could not be maintained in the first instance against a county treasurer; and in the next, if such a suit would lie, the resort to the writ of mandamus was unjustifiable, because mandamus will only lie in the absence of other adequate legal remedy.

The right to refuse payment is given to the county treasurer whenever doubts as to the legality or propriety of the order or warrant arise in his mind, and this discretion as to payment is not taken away until the Commissioners Court in response to his doubts again orders payment, or the validity of the debt is established by some other court of competent jurisdiction. The motion for rehearing is overruled.

*Overruled.*

Delivered September 19, 1894.

Writ of error refused, October 25, 1894.