HARDIN v. HAMILTON, Justice of the Peace, et al. (No. 8872.)

(Court of Civil Appeals of Texas. Ft. Worth. April 27, 1918. Rehearing Denied June 15, 1918.)

1. MANDAMUS ⊜➡168(1) — TO JUSTICE OF PEACE—APPEAL IN FORMA PAUPERIS.

The question for the county court on hearing of petition for mandamus to a justice of the peace to allow appeal in forma pauperis is, not whether the justice erred in refusing such appeal on the evidence before him, but whether on the further evidence before the court there is a right thereto.

2. MANDAMUS ⊜➡27—TO PUBLIC OFFICER—MINISTERIAL DUTY.

Mandamus will not issue against a public officer save to compel performance of a ministerial duty, neither involving discretion nor leaving any alternative.

3. JUSTICES OF THE PEACE ⬤⟳159(2)—APPEAL IN FORMA PAUPERIS—QUESTIONS ON CONTEST.

The question on contest of right, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2394, to appeal in forma pauperis from a justice of the peace, is of inability to give security for, as well as pay, costs.

4. MANDAMUS ⬤⟳3(12) — REMEDY BY CERTIORARI.

Writs of mandamus will not be issued where there is a clear legal remedy, as by certiorari, by which the statute authorizes a cause to be removed from justice court to the county court.

Appeal from Comanche County Court; J. H. McMillan, Judge.

Mandamus by W. L. Hardin against G. C. Hamilton, Justice of the Peace, and another. Writ denied, and petitioner appeals. Affirmed.

W. T. McPherson, of Comanche, for appellant. Smith & Palmer and Callaway & Callaway, all of Comanche, for appellees.

CONNER, C. J. This is an appeal from a judgment of the county court of Comanche county refusing to grant an application for writ of mandamus presented by appellant, W. L. Hardin. The application was disposed of upon a hearing of the facts.

The facts are substantially that: On the 27th day of December, 1916, one Nute Hall recovered a judgment against appellant for the sum of $89.30 and all costs of suit with interest in a justice court of Comanche county held by the Honorable G. C. Hamilton, justice of the peace. The judgment foreclosed an attachment lien upon certain personal property described in the judgment. Appellant, desiring to appeal from that judgment to the county court, in due time presented his properly verified affidavit so stating, and further stating that he was "unable to pay the cost of the appeal or any part thereof, or to give security therefor." The plaintiff in the suit filed an unverified contest of this affidavit, and the justice of the peace heard evidence ·and indorsed on the back of the written contest the following:

"It appearing to the court that defendant has not been diligent in trying to make an appeal bond, I refuse to send up papers. [Signed] G. C. Hamilton, J. P. Rendered January 12, 1917."

It was later suggested in the justice court that the entry above quoted was not a final judgment, and the justice of the peace accordingly entered nunc pro tunc a judgment reciting the fact of the hearing of the contest as to the sufficiency of Hardin's affidavit of inability to pay or secure costs, and further recited that:

"Having heard the evidence in support of the said affidavit, and the evidence against same presenting it, and having heard the argument of counsel thereon, is of the opinion that the defendant has not made strict proof of his inability to pay the cost of appeal or any part thereof, but that the said Hardin could pay at least $25 of the cost of same, and it further

appearing the said Hardin had made no consistent effort to give security therefor, the said affidavit in lieu of appeal bond is accordingly refused, and this court refuses to make out a transcript for appeal of the said case to the county court for trial de novo, on said affidavit."

The county court heard the evidence as it was submitted to the justice of the peace on the hearing of the contest, and also further evidence which tended to show that the appellant could in fact have paid at least a part of the cost of appeal of the justice court. The evidence as submitted before the justice of the peace on the hearing of the contest was the testimony of Hardin himself. He testified at that time:

That he' was a "single man. That he had no money to pay the cost of appeal or any part of the same, and did not know whether he could get the money or any part of it to pay the cost of said appeal. That all the property he owned was a planter and cultivator used by him in farming. That he was a farmer by occupation. * * * That he had about 60 bales of peanut hay at his rent place, but that the Burks Mercantile Company of Comanche, Tex., held a mortgage on that. That the peanut hay and the planter and cultivator have been attached by Nute Hall, the plaintiff in this suit. That he had no other property whatever. That all the efforts he had made to get any one to go on his bond to appeal the case was his brother, Joe Hardin, who lived at Hasse, Tex., and that he would not agree to go on the bond. That he had lived at Hasse a number of years and was well acquainted with the people there, and that he knew if his brother Joe would not go on his bond no other person there would. * * * That he had not rendered any property for taxes for the year 1916."

It does not seem to be very earnestly insisted that the additional testimony heard by the county court is insufficient to authorize the conclusion that appellant could in fact have paid part of the cost or give' security therefor at the time of the contest before the justice of the peace. Appellant's insistence seems to be more particularly that the evidence as it was heard by the justice of the peace did not authorize such conclusion and that therefore under the statute the justice should have sent up the transcript and allowed the appeal. The justice of the peace who testified before the county court testified that the memorandum made by him upon the written contest of the affidavit did not recite all of his reasons for the ruling, and it must be remembered that the justice heard the trial of the case between Nute Hall and appellant in his court on the merits. He must therefore at the time of the hearing of the contest have had in mind the fact of the issuance of the writ of attachment and of its levy upon the property therein described and the finding of the jury in Nute Hall's favor and the foreclosure of the lien upon the attached property. We know of no rule that would preclude the justice of the peace in the exercise of the discretion vested in him by law to consider such facts together with the evidence of

Hardin, his manner of testifying, etc., on the hearing of the contest. The record shows that Hardin testified on the contest at the instance of the plaintiff Nute Hall over his (Hardin's) objection, and it is by no means very clear, as we think, that the justice of the peace on the whole abused his discretion in ruling on appellant's contest.

[1, 2] But aside from the foregoing suggestions, it is to be remembered that appellant by his application for the writ of mandamus was appealing to the county court for an exercise of equitable powers. The county court is not clothed with the power to act merely as a revisory tribunal to determine the correctness of the rulings of a justice of the peace. In cases of appeal the trial in the county court is de novo on the merits of the case, regardless of the rulings of the justice of the peace, whether erroneous or not. So that we think it was entirely proper for the county court, on the hearing of the petition for mandamus, to hear any and all competent evidence that the court should decide to hear, in order to determine whether or not the applicant was entitled to relief by writ of mandamus. If so, as before suggested, the evidence as heard before the county judge as a whole is such as in our judgment supports his ruling refusing the application. It is a familiar rule relating to the issuance of writ of mandamus that such writ will not issue against a public officer save to compel the performance of an act clearly defined and enjoined by the law, and which is therefore ministerial in its nature, and which neither involves any discretion nor leaves any alternative. See Teat v. McGaughey, 85 Tex. 478, 22 S. W. 302; Walker v. Barnard & Co., 8 Tex. Civ. App. 14, 27 S. W. 726; De Poyster v. Baker, 89 Tex. 155, 34 S. W. 106.

[3] We are the more inclined to this conclusion from a reading of our statute on the subject of giving an affidavit in lieu of a bond for security of the cost of appeal. Appeals from a judgment in the justice court are in certain cases allowed by law, and the statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 2394) provides, among other things, that:

"Where the appellant is unable to pay the cost of appeal, or to give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, in order to do so, he shall be required to make strict proof of his inability to pay the cost, or any part thereof. Such proof * * * shall consist of the affidavit of said party stating his inability to pay the cost; which affidavit may be contested by any officer of the court or party to the suit; whereupon, it shall be the duty of the court trying the case, or the justice of the peace of the precinct in which said case was tried, * * * to hear evidence and determine the right of the party to his appeal."

Appellant insists that he was not required to show before the justice that he could not give security for cost. His contention is that he was only required to make proof of "his inability to pay the cost, or part thereof." And the case of Murray v. Robuck, 89 S. W.

782, is cited in support of this contention. While some of the language in the opinion referred to may give some support to the contention, yet we hardly think the court with that particular point in mind was undertaking to so decide. But however this may be, we are not inclined to that construction of the statute quoted. Reading it as a whole, we think the statute contemplates that, on the hearing of a contest of the kind that took place before the justice of the peace in this case, evidence tending to show that the affiant could in fact give security for the cost, though in fact unable at the time to pay cost or any part thereof, would justify the officer in refusing to grant the appeal. It certainly would not be in accord with the spirit of the law to permit by an appeal a party, unquestionably able to give security for the payment of the cost, to perfect his appeal on affidavit alone, merely because he made proof that he at the time was unable to pay such cost or part thereof. If this construction of the statute is the proper one, it cannot be said in any event that the justice abused his discretion in refusing the appeal. For on the hearing of the contest, as well as in the county court, it was shown that appellant had lived and was well acquainted in the community, and that he made no effort whatever to make a bond for the cost except so requesting of his brother. The reason for his brother's refusal was that he said:

"He would help him pay his attorneys, and help him get his witnesses there and would help him pay his jury fees, but that he would not sign any bond or anything else so that he could not quit when he wanted to or where he would be compelled to pay any cost of Nute Hall."

It further appears from the record that appellant after the contest in fact disposed of some personal property, and with the proceeds paid at least a part of his attorney's fees for the bringing of the suit for mandamus.

[4] Perhaps further discussion is unnecessary, but, while the question has not been presented in the briefs, it may not be out of place to suggest that writs of mandamus will not be issued by a court of equity where a party applying has a clear legal remedy, and that our statutes provide that any time within 90 days after the rendition of the final judgment of a justice of the peace the complaining party may secure a removal of the cause to the county court by a writ of certiorari. This writ, in cases of certiorari to a justice court, is issued by order of the county judge upon petition therefor accompanied with an affidavit in writing setting forth sufficient cause to entitle the complaining party to the right. The cause required is, either that the justice of the peace had no jurisdiction, or that injustice was done to the applicant in the suit or proceeding, and that such injustice was not caused by

his own inexcusable neglect. See chapter 2 of title 21, Vernon's Sayles' Tex. Civ. Stats. vol. 1. This remedy is clearly a legal one, and, while the statute (article 748) requires an applicant for the writ of certiorari to give bond "in such sum as the judge shall direct" that he will perform the judgment of the county or district court, there is nothing in the record before us that tends to show that the appellant, Hardin, could not have given a bond such as might have been required by the county judge.

On the whole, we conclude that the judgment of the county court herein should be affirmed.

Affirmed.